IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Malcolm Baker, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:23-cv-00770 |
| Longnecker Properties, Inc., d/b/a Longnecker Rigging, | § § § § | JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Malcolm Baker ("Baker" or "Plaintiff"), individually and on behalf of all other similarly situated employees, files this Complaint against Longnecker Properties, Inc. ("LPI" or "Defendant"), showing in support as follows:

**I.   NATURE OF ACTION**

1. This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each seven-day workweek while working for Defendant paid on a day rate basis.

2. Plaintiff files this lawsuit individually and as an FLSA collective action on behalf of all similarly situated current and former employees of Defendant while paid on a day rate basis who, like Plaintiff, were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each seven day workweek in the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

3. Plaintiff and the Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

## II. THE PARTIES

### A. Plaintiff Malcolm Baker

4. Plaintiff is an individual residing in Lafourche Paris, Louisiana. Plaintiff has standing to file this lawsuit.

5. Plaintiff began working for Defendant on or about March 15, 2008. Plaintiff is a former employee. Plaintiff stopped working for Defendant on or about September 3, 2021.

6. At all times, Plaintiff earned a day rate of approximately $220 per day in connection with work for Defendant.

7. Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

### B. Collective Action Members

8. The putative Collective Action Members are all current or former employees of Defendant who are/were paid on a day rate basis and who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek. Because Defendant did not pay all overtime premium compensation due to its employees paid on a day rate who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

9. The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

### C. Defendant Longnecker Properties, Inc.

10. Defendant is a corporation organized under the laws of the State of Texas.

11. At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

12. At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

13. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

14. Defendant employed two or more employees who regularly engaged in commerce in their daily work.

15. Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, equipment and supplies and materials used in connection with Defendant's business operations.

16. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

17. Defendant may be served with summons through its registered agent Charles Stephens II at 1439 FM Rd 2673, HCR 3, Box 27G40; Canyon Lake, TX 78133.

### III. JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

19. The United States District Court for the Western District of Texas has personal jurisdiction over Defendant because Defendant is a corporation incorporated in this State.

20. Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because defendant resides in this District and Division.

## IV. FACTUAL BACKGROUND

21. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

22. Plaintiff was employed by Defendant as a cook in connection with its oil and gas service industry business operations. His primary job duties involve cooking meals on supply boats.

23. At all material times Plaintiff was paid a day rate of approximately $220 per day. Defendant did not pay Plaintiff a salary or on a "fee basis" as those phrases relate to the FLSA.

24. Plaintiff routinely worked in excess of 40 hours per workweek for Defendant. Plaintiff's weekly work schedule typically encompassed 105 hours of work for Defendant. However, Defendant did not pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each and every workweek.

25. Defendant misclassified Plaintiff and other similarly situated employees as independent contractors, paying them with IRS tax form 1099s.

26. But Plaintiff, and similarly situated workers, as a matter of economic reality,[1] were in fact Defendant's employee under the FLSA.

27. Plaintiff and similarly situated employees retained no control over their work. Defendant told Plaintiff where to go, a supply boat, what to do, prepare meals for crew and other

---

[1] *See Hopkins v. Cornerstone America*, 545 F.3d 338, 343 (5th Cir. 2008).

workers on the boat, and how long he would be performing those services. Defendant set their hours of work/shift, and they worked for the duration of the voyage.

28.    Plaintiff and similarly situated employees did not provide any tools or materials in connection with their work for Defendant. Rather, all food, pots, pans, and other cooking equipment were provided for them.

29.    Plaintiff and similarly situated employees were unable to provide services for another company while working on a supply boat, and so while on the supply boat they worked exclusively for Defendant and were economically dependent on Defendant's payment of wages for their livelihood. Plaintiff and similarly situated workers did not market themselves or their services to other potential clients or customers. Rather, Plaintiff simply worked as a cook on a supply boat as Defendant assigned him to work.

30.    Plaintiff and similarly situated employees had no opportunity to maximize their profits through any special initiative or business acumen, and had no opportunity for loss. Rather, they were simply paid for every day that they worked. Furthermore, Plaintiff and similarly situated workers could not negotiate their respective pay rates, rather, pay was offered on a "take it or leave it" basis.

31.    Plaintiff and similarly situated employees did not have the ability to hire or fire subcontractors. Rather, Plaintiff was required to perform the duties of a supply boat cook himself.

32.    Plaintiff and similarly situated employees' respective employment relationships with Defendant were not for a defined period of time, but more closely resembled an at-will employee relationship. For instance, Plaintiff anticipated working as a supply boat cook for Defendant indefinitely, and indeed performed services for the Defendant for over ten years.

## V.     CONTROLLING LEGAL RULES

33.     "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

34.     The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1). The "regular rate" includes "all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e).

35.     Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

36.     Whether an individual is an employee, who is covered by the FLSA"s provisions, as opposed to an independent contractor, who is not covered by the FLSA, is determined by the economic realities test. *See Hopkins v. Cornerstone America*, 545 F.3d 338, 343 (5th Cir. 2008). The purpose of the economic realities test is to determine whether "the worker is economically dependent upon the alleged employer or is instead in business for himself." *Id.*

37.     District Courts within the Fifth Circuit consider the following five factors in assessing the economic reality of the working relationship: (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship. *Id.* at 343 (citing *Herman v. Express Sixty-Minutes Delivery Serv., Inc.*, 161 F.3d 299, 303 (5th Cir. 1998). The Fifth Circuit further noted that: "[n]o single factor is determinative. Rather, each factor is a tool used to gauge the economic dependence of the alleged

employee, and each must be applied with this ultimate concept in mind." *Id.* (citing *Herman*, 161 F.3d at 303 and *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1043-44 (5th Cir. 1987)).

38. The FLSA recognizes the doctrine of joint employers. "Where an employee performs work that simultaneously benefits more than one employer, the concept of 'joint employment' imposes individual and joint FLSA liability on all employers." *Parker v. ABC Debt Relief, Ltd. Co.*, No. 3:10-cv-1332-P, 2013 WL 371573, at *4 (N.D. Tex. Jan. 28, 2013) (Solis, J.) (citing *Wirtz v. Lone Star Steel Co.*, 405 F.2d 668, 669-70 (5th Cir. 1968)).

39. "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13. *Accord Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995) (same).

40. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

## VI.     FLSA CLAIMS FOR OVERTIME PAY

41.     At all relevant times, Defendants were eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d).

42.     At all times relevant to this lawsuit, Defendants have been and are enterprises engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A).

43.     Plaintiff and putative Collective Action Members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

44.     Plaintiff and putative Collective Action Members were not exempt from overtime under the FLSA.

45.     Plaintiff and putative Collective Action Members are/were paid on a day rate basis by Defendant.

46.     At times relevant to this lawsuit, Plaintiff and putative Collective Action Members work/worked in excess of 40 hours per seven-day workweek as employees of Defendants.

47.     Defendants are/were required to pay Plaintiff and putative Collective Action Members one and one-half times their respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

48.     Defendants failed to pay Plaintiff and putative Collective Action Members one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

49.     Defendants failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff and putative Collective Action Members, individually, on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5.

50. Putative Collective Action Members are/were similarly situated to Plaintiff and to each other under the FLSA. 29 U.S.C. § 216(b).

51. Defendants' violations of the FLSA, as described above, are/were willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendants were aware that Plaintiff and putative Collective Action Members were not paid overtime premium pay at the rate of time and one-half their respective regular rates of pay for all hours worked over forty in a seven-day workweek.

52. Plaintiff and putative Collective Action Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed and forward for their FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

53. Plaintiff and putative Collective Action Members seek all damages available for Defendants' failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

### VII.   COLLECTIVE ACTION CLAIMS

54. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

55. Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

56. Plaintiff seeks to bring claims under the FLSA, 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> **All current and former employees (whether classified as an employee or an independent contractor) of Defendant who were paid a day rate for all hours worked without receiving overtime premium pay for all hours worked over forty in each seven-day workweek for the time period beginning three years prior to the filing of this lawsuit through the date of the final disposition of this action.**

57. Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy, namely, paid a day rate for all hours of work without receiving overtime premium pay for all hours worked over forty in each seven-day workweek.

58. The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA.

59. Defendant's failure to pay overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

60. The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

61. Although the exact amount of damages may vary among the putative collective action members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

62. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

63. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

### VIII.   JURY DEMAND

64. Plaintiff demands a jury trial.

### IX.   DAMAGES AND PRAYER

65. Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded a judgment against

Defendant or order(s) from the Court for the following:

a. An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative collective action members;

b. All damages allowed by the FLSA, including back wages;

c. Liquidated damages in an amount equal to FLSA-mandated back wages;

d. Legal fees;

e. Costs;

f. Post-judgment interest;

g. All other relief to which Plaintiff and the collective action members may be justly entitled.

Dated: July 7, 2023                     Respectfully submitted,

                                        By:     s/Melinda Arbuckle
                                                Melinda Arbuckle
                                                State Bar No. 24080773
                                                marbuckle@wageandhourfirm.com
                                                Ricardo J. Prieto
                                                State Bar No. 24062947
                                                rprieto@wageandhourfirm.com
                                                Wage and Hour Firm
                                                5050 Quorum Drive, Suite 700
                                                Dallas, Texas 75254
                                                (214) 489-7653
                                                (469) 319-0317 – facsimile

                                                Attorneys for Plaintiff and Putative Collective Action Members